UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

v.                                                                           **ORDER**

LAQUAVIOUS BOYKIN,                                         22-CR-00476-PMH

                     Defendant.
-------------------------------------------------------------x

        On April 25, 2023, Laquavious Boykin ("Defendant") was sentenced principally to a term of imprisonment of 57 months. (Doc. 36). The Probation Department issued a report on December 22, 2023 indicating that Defendant is eligible for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. (Doc. 38). On January 26, 2024, Defendant filed a Notice Requesting Judicial Review in connection with his eligibility for a sentence reduction. (Doc. 39). On January 31, 2024, Michael Burke was reappointed as Defendant's CJA counsel to investigate and, if appropriate, pursue a motion for a sentence reduction based on Amendment 821. (Doc. 40). On April 8, 2024, defense counsel moved for a reduction of sentence. (Doc. 41). The Government responded on April 17, 2024, setting forth its position that Defendant's motion should be denied. (Doc. 43).

        There is no dispute that Defendant is eligible for a sentence reduction. (Doc. 41; Doc. 43). Originally, Defendant's criminal history score was 8 and a Criminal History Category of IV. Pursuant to Part A of Amendment 821, Defendant no longer receives 2 "status points" under USSG § 4A1.1(e) for having committed the offense while on supervised release. Reducing the criminal history score from 8 to 6 reduces the Criminal History Category to III. (Doc. 38). With the total offense level remaining at 21 at Criminal History Category III, Defendant's amended Guidelines

range is 46 to 57 months' imprisonment, which represents a reduction from the previously applicable Guidelines range of 57 to 71 months' imprisonment. (*Id.*).

Defendant requests a sentence reduction to a sentence of 46 months' imprisonment which is within the amended Guidelines range. (Doc. 41). Defendant reports that he has had no disciplines while incarcerated and has participated in several programs while in custody, and argues that the reduction is warranted under the 18 U.S.C. § 3553(a) factors and in light of his positive post-sentencing conduct. (*Id.*). The Government argues that the Court should decline to impose a reduced sentence because, even considering the amended Guidelines range, the 18 U.S.C. § 3553(a) factors weigh strongly against a reduced sentence—namely, the seriousness of the offense conduct and the history and characteristics of the offense. (Doc. 43). The Government further contends that the fact that Defendant engaged in the offense conduct while on supervised release is an aggravating factor. (*Id.*).

The Court considered these same arguments, *inter alia*, at the April 25, 2023 sentencing. Specifically, the Court considered the severity of Defendant's conduct, the danger it presented to the community, that he was on supervised release at the time of the offense, and the need to deter him from future crimes. The Court also considered Defendant's lack of youthful guidance and remorse, as well as the rest of the 18 U.S.C. § 3553(a) factors. The Court ultimately concluded that a sentence at the lower end of the previously applicable Guidelines range of 57 to 71 months' imprisonment was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in the statute. Now, faced with the same considerations and applying a reduced Guidelines range, the Court similarly finds that a sentence on the lower end of the amended Guidelines range of 46 to 57 months' imprisonment is warranted.

Accordingly, having considered the record in this case, the parties' arguments, the relevant Guidelines policy statements, the factors set forth in 18 U.S.C. § 3553(a), and Defendant's post-sentencing efforts to rehabilitate himself, Defendant's motion for a reduction of his term of imprisonment is GRANTED. The Defendant's term of imprisonment is reduced to 46 months' imprisonment. All other components of the sentence remain as originally imposed.

**SO ORDERED.**

Dated: White Plains, New York
April 24, 2024

_____
Hon. Philip M. Halpern
United States District Judge